

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney, Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-2152
Re: County Tax Collector-
Assessor acting as such
for an incorporated
city and an independent
school district.

We are in receipt of your letter of recent date from which we quote as follows for the background of your request for the opinion of this department:

"Can an incorporated city and an independent school district in such city each properly authorize the county tax collector-assessor of such county to collect all taxes due to such city and school district and can such county officer legally act for said other taxing authorities?

"Practically all of the people in Potter County live in the city of Amarillo, there situate, and have to pay taxes to three different agencies, to-wit, (1) the state & county; (2) the city of Amarillo; and (3) the Amarillo Independent School District; each of which agencies has a separate tax collector and an individual set-up for collecting taxes. In the interest of economy and efficiency in local government, it has been suggested that the affairs of all three taxing agencies be turned over to one tax collector-assessor. . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom Seay, Page 2

Article 1042b, Vernon's Civil Statutes of Texas
(Acts 1939, 46th Legislature, p. 652), reads as follows:

"Section 1. Any incorporated city,
town, or village, independent school dis-
trict, common school district, drainage
district, water control and improvement
district, water improvement district, or
navigation district in the State of Texas
is hereby authorized by ordinance or by
proper resolution to authorize the County
Assessor of the county in which said in-
corporated city, town, or village, inde-
pendent school district, common school dis-
trict, drainage district, water control and
improvement district, water improvement dis-
trict, or navigation district is located to
act as Tax Assessor for said incorporated
city, town, or village, independent school
district, common school district, drainage
district, water control and improvement dis-
trict, water improvement district, or navi-
gation district or authorize the Tax Collector
of the County in which said incorporated
city, town, or village, independent school
district, common school district, drainage
district, water control and improvement dis-
trict, water improvement district, or navi-
gation district is situated to act as Tax
Collector for said incorporated city, town,
or village, independent school district,
common school district, drainage district,
water control and improvement district, water
improvement district, or navigation district.

"Section 2. When an ordinance or proper
resolution is passed, making available the
services of the County Tax Assessor to such
incorporated city, town, or village, independ-
ent school district, common school district,
drainage district, water control and improve-
ment district, water improvement district, or
navigation district it shall be the duty of
the said Tax Assessor of the county in which
such incorporated city, town or village, in-
dependent school district, common school dis-
trict, drainage district, water control and

Honorable Tom Seay, Page 3

improvement district, water improvement district, or navigation district is situated to assess the taxes for said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district and perform the duties of Tax Assessor for said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district according to the ordinances and resolutions of said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district, and according to law.

"Section 5. When an ordinance or proper resolution is passed availing such incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts of the services of the County Tax Collector, it shall be the duty of said Tax Collector of the county in which said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts are situated to collect the taxes and assessments for said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts and turn over as soon as collected to the respective proper depository of said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts or other authority authorized to receive such

740

taxes or assessments, all taxes or moneys collected for said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts according to the ordinances or resolutions of said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts, and according to law, less his fees hereinafter provided for, and shall perform the duties of Tax Collector of said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts.

"Section 4. The property in said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts taking advantage of this Act shall be assessed at the same value as it is assessed for county and State purposes.

"Section 5. When the County Assessor and County Collector are required to assess and collect the taxes in any incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district they shall respectively receive for such services an amount to be agreed upon by the governing body of such incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts and the Commissioners Court of the county in which such incorporated cities, towns,

Honorable Tom Seay, Page 5

> or villages, independent school districts,
> common school districts, drainage districts,
> water control and improvement districts,
> water improvement districts, or navigation
> districts are situated not to exceed one per
> cent of the taxes so collected."

This statute was enacted in 1939 by the Forty-
sixth Legislature of Texas. It is similar, in its grant
of power, to prior statutes, which have been considered
by the Courts of Texas in the following cases in relation
to Section 40 of Article 16 of the Constitution of Texas,
which provides in part as follows:

> "No person shall hold or exercise, at
> the same time, more than one Civil Office
> of emolument, except that of Justice of
> Peace, County Commissioner, Notary Public
> and Postmaster, . . ."

In the case of ODEM v. SINTON INDEPENDENT SCHOOL
DISTRICT, 234 S. W. 1090 (Comm. App.) there was involved
the question of whether a person could hold the office of
city tax assessor and collector and at the same time act
as de facto tax assessor and collector of a school dis-
trict. The facts of this case were as follows: The Sin-
ton Independent School District was created by a special
Act of the Legislature, Section 9 of the Act providing
that the school board should choose an assessor and col-
lector of taxes for the district; one G. L. Callum was
selected by the school board to act in such capacity and
at the time of his selection he was the city assessor and
collector of taxes of Sinton, a town situated in the dis-
trict. The court recognized that both offices were of-
fices of emolument and held:

> "It is clear that Callum could not hold
> his office as city assessor and collector,
> and at the same time act as de facto assessor
> and collector of the school district. The
> Constitution prohibits the holding and exer-
> cise of two such offices. Section 40, Article
> 16, Constitution of Texas. He could not hold
> or exercise both offices in either a de jure
> or defacto capacity."

Honorable Tom Seay, Page 6

To the same effect is the case of JENKINS vs. AUTRY (Tex. Civ. App.) 256 S.W. 672.

Subsequently, in the case of FIRST BAPTIST CHURCH v. CITY OF FORT WORTH, 26 S.W. (2d) 196 (Comm. App.), there was involved the Fort Worth Independent School District, likewise incorporated by a special Act which provided as follows in the language of the court at page 197:

"An examination of the Act discloses that it does not attempt to create the office of assessor and collector of taxes for the school district, nor does it authorize the governing body of such district to create such office. In lieu of creating the office, the Act provides that 'The assessment and collection of the taxes of the district hereby created shall be made by the assessor and collector of the city of Fort Worth'".

The acts of the assessor and collector of taxes for the city of Fort Worth in acting as such for the Fort Worth Independent School District were assailed as being void on the ground that such officer was attempting to hold two offices of emolument in violation of Article 16, Section 40 of the Constitution. The court held that the Act in question did not create the office of assessor and collector for the Fort Worth Independent School District, hence there was no office and the city tax assessor and collector, in assessing and collecting the school district taxes, was not holding two offices of emolument but was merely performing additional duties imposed upon his office by the law incorporating the Fort Worth Independent School District.

In this case, the court distinguished the Odem vs. Sinton Independent School District and Jenkins vs. Autry cases, supra, in the following language:

". . . In the Odem Case, the act incorporating the district expressly created the office of assessor and collector of taxes, and required the board of trustees to fill the office by appointment. They attempted to do so

743

Honorable Tom Seay, Page 7

by appointing one G. L. Collum (Cellum), who was at the time the assessor and collector of taxes of the town of Sinton. Under this state of facts the court properly held that Collum (Cellum) was attempting to hold two offices of emolument.

"In the other case relied upon, while the act did not create the office of assessor and collector of taxes for the district, it did expressly authorize the board of trustees to assess and collect taxes through its own assessor and collector, or to have the same collected by the county assessor and collector. The board did not see fit to avail itself of the privilege of having the district taxes collected by another officer, but elected to assess and collect the same by its own officer. In pursuance of such plan, it named as assessor and collector of the district a person who was holding an office of emolument, and the court, of course, held that such person was attempting to hold two offices of emolument in violation of the constitutional provision, as the board had under express legislative authority created the office of assessor and collector of taxes for the district." (Parenthetical insertions and underscoring ours).

A similar question was involved in the case of PRUITT, ET AL v. GLENROSE INDEPENDENT SCHOOL DISTRICT No. 1, 84 S.W. (2d) 1004 (Comm. App.), where, under the facts, one Kugle while acting as collector of taxes for an independent school district sought, also, to act as sheriff and tax collector of Somervell County. The facts were that the school district was incorporated as an independent school district, had elected to assess and collect its own taxes, and had selected Kugle to act as its tax collector.

At page 1006, the court said:

"Here, we have two separate taxing bodies with two separate assessing officers and two separate tax collectors, their duties separate

Honorable Tom Seay, Page 8

and distinct . . . The court of civil appeals correctly held that the tax collector of this particular district and the tax collector of the county are therefore two separate and distinct offices, each of emolument . . . and when Kugle qualified as county tax collector, he automatically forfeited his right to the office of collector for the school district, because the holding of both said offices at the same time by the same person is within the prohibition of Article 16, Section 40, of our State Constitution."

Significantly, however, the opinion reads at page 1006:

"The record here contains no statement of facts, only the findings of fact and conclusions of law by the trial court, who concluded as a matter of law that although the district taxes were assessed by a special assessor of the district, they were collected only by the county tax collector and in law he had the right to collect the same, though they were assessed at a greater value than assessed for state and county purposes, citing Article 2792, Revised Statutes, 1925. There is no finding of fact on which that conclusion of law might be based, and nothing to show that a majority of the board of trustees of the district ever preferred - in the language of said article 2792, Revised Statutes, 1925 - to have the taxes of their district assessed and collected by the county assessor and collector, or collected only by the county tax collector. The court of Civil Appeals overturned this finding and held that Kugle did not act as county collector in collecting district taxes, but as collector of the district, the duty of collecting the district taxes never having been assigned to the county tax collector." (Underscoring ours).

The following propositions, therefore, appear to be correct:

1. Where the Act creating the independent
   school district places the duty of as-
   sessing and collecting the taxes for the
   district upon the county tax assessor-
   collector, there is but one office, the
   holding of which is not inhibited by
   Section 40 of Article 16 of the Texas
   Constitution;

2. Where the Act creating the independent
   school district also creates the office
   of assessor-collector of taxes for such
   district and such office is filled by the
   board of trustees of the district, the
   holder thereof is inhibited by the Consti-
   tution from holding, also, the office of
   county tax assessor-collector, or, con-
   versely, the county tax assessor-collector
   is inhibited from likewise holding the of-
   fice of tax assessor-collector for the
   school district.

3. If the method adopted whereby the school
   district authorizes the county tax assessor-
   collector to also assess and/or collect the
   taxes of the school district, effects the
   abolishment of the office of tax assessor-
   collector of the school district, the re-
   sult is merely the imposition of additional
   duties upon the office of county tax assessor-
   collector, and the holder thereof does not
   thereby become the holder of two civil of-
   fices of emolument as prohibited by the
   Constitution. By the same token, corres-
   ponding action by an incorporated city, in
   the manner necessary to accomplish a similar
   result, would likewise be permissible under
   the constitutional provision under discussion.

It is therefore manifest that to obviate the pro-
hibition in Section 40 of Article 16 of the Constitution,
the offices of school district and city tax assessor-col-
lector must be abolished before the transfer of the duties
thereof to the county tax assessor-collector, otherwise
two civil offices of emolument will be held and exercised
at the same time. Accordingly, the method adopted whereby

the school district and city authorizes "by ordinance or by proper resolution", in the language of Article 1042b, supra, the contemplated change, necessarily must mean such procedure as is required under the applicable laws, the city charter, and organic law of the agency, to legally accomplish the abolishment of the respective offices of district and city tax assessor-collector.

If and when such offices are so abolished, it is the opinion of this Department, in answer specifically to your question, that an incorporated city and an independent school district may properly authorize the county tax assessor-collector to assess and/or collect all taxes due to such city and school districts, and the county tax assessor-collector may legally act for such other taxing authorities.

It is, of course, to be noted, under Section 4 of Article 1042b, supra, that if the school district and city take advantage of the Act, the property therein is required to be assessed at the same value as it is assessed for county and state purposes.

Trusting that we have satisfactorily answered your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_

Zollie C. Steakley
Assistant

ZCS:ew

APPROVED MAY 23, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

